# UNITED STATE DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United State of America,

               Plaintiff,

v.

Thomas Arthur Ranallo (7), and
Saury Sarai Rosales Vargas (8),

               Defendants.

Case No. 18-cr-285 (JNE/TNL)

**ORDER**

---

Allen A. Slaughter, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Marcus L. Almon, Almon Law Office, LLC, 287 East Sixth Street, Suite 20, St. Paul, MN 55101 (for Defendant Ranallo); and

George R. Dunn, Tilton Dunn Gross P.L.L.P., 101 East Fifth Street, Suite 2220, St. Paul, MN 55101 (for Defendant Vargas).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on numerous pretrial motions.[1]  With respect to Defendant Thomas Arthur Ranallo ("Ranallo"), these motions are:

1.  Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. 60);

2.  Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 259);

---

[1] A second superseding indictment was unsealed in this matter on November 8, 2019.  (ECF No. 372.)  At the arraignments on the second superseding indictment, all parties indicated that they were reasserting the same motions in response to that indictment.  *See United States v. Black*, No. 14-cr-364 (RHK/FLN), 2015 WL 13660442, at *7 (D. Minn. Aug. 21, 2015) (permitting party to reassert same motions in response to superseding indictment).  On December 9, 2019, each defendant confirmed that there would be no additional pretrial motions filed in connection with the second superseding indictment.  (ECF No. 434, 435.)

3. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 260);

4. Defendant's Motion for Exculpatory Evidence (ECF No. 261);

5. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 262);

6. Defendant's Motion to Disclose and Make Informant Available for Interview (ECF No. 263);

7. Defendant's Motion for Discovery and Inspection (ECF No. 264);

8. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 265);

9. Defendant's Motion for Discovery of an Expert Under Fed. R. Crim. P. 16(a)(1)(G) (ECF No. 266);

10. Defendant's Motion for Discovery and Inspection of Products of Electronic Surveillance (ECF No. 267); and

11. Defendant's Motion for Oral Voir Dire (ECF No. 269).

With respect to Defendant Saury Sarai Rosales Vargas ("Vargas"), these motions are:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. 103);

2. Defendant's Motion to Disclosure and Make Informant(s) Available for Interview (ECF No. 214);

3. Defendant's Motion for Discovery and Inspection (ECF No. 215);

4. Defendant's Motion to Disclose Post Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator (ECF No. 216);

5. Defendant's Motion for *Brady* Material (ECF No. 217);

6. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 218);

7. Defendant's Pretrial Motion for Disclosure of Grand Jury Minutes and Transcript (ECF No. 219);

8. Defendant's Motion for Early Disclosure of Jencks Act Materials (ECF No. 220);

9. Defendant's Motion for Disclosure of Government Witnesses (ECF No. 221);

10. Defendant's Motion for Disclosure of *Giglio* Material (ECF No. 222);

11. Defendant's Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case (ECF No. 223);

12. Defendant's Motion for Counsel's Participation in Voir Dire (ECF No. 224); and

13. Defendant's Motion to File Later Motions for Good Cause (ECF No. 225).

A hearing was held on September 25, 2019.  Assistant United States Attorney Allen A. Slaughter appeared on behalf of the United States of America (the "Government"). Attorney Marcus L. Almon appeared on behalf of Ranallo.  Attorney George R. Dunn appeared on behalf of Vargas.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motions for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF Nos. 60, 103) are **GRANTED**. These motions seek discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of principal and rebuttal expert witnesses.  Ranallo and Vargas have no objection to the Government's motions.  (Tr. 6:7-10, 12:23-13:3, ECF No. 323.[2])  Further, the Government

---

[2] The Court notes that the period of time for requesting redaction has expired and neither party requested that the hearing transcript be redacted.  (ECF No. 323).  *See* D. Minn. LR 5.5.

has proposed that principal experts be disclosed 30 days prior to trial and rebuttal experts be disclosed 10 days prior to trial. Ranallo and Vargas are both in agreement with the Government's proposal. (Tr. 6:11-15, 13:4-8.) Therefore, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). *See infra* ¶ 6.

2.    Ranallo's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 259) and Motion for Exculpatory Evidence (ECF No. 261) as well as Vargas's Motion for *Brady* Material (ECF No. 217) and Motion for Disclosure of *Gigilo* Material (ECF No. 222) are **GRANTED IN PART** and **DENIED IN PART**.

Ranallo and Vargas seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, including but not limited to *United States v. Agurs*, 427 U.S. 97 (1976). They also seek information regarding Government witnesses.

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny, but objects to Ranallo and Vargas's motions to the extent they seek discovery beyond the requirements of these authorities. The Government also objects to immediate disclosure of witness impeachment materials, but states that it will identify its witnesses and produce Jencks Act and impeachment materials no later than five days prior to trial, requesting that Ranallo and Vargas do the same. Lastly, again recognizing its disclosure obligations under *Brady*, *Giglio*, and their progeny, the Government objects to the

4

production of impeachment materials for individuals who will *not* be called as witnesses to the extent such materials go beyond the scope of these authorities.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally

required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Ranallo and Vargas's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. Subject to any trial procedure of the district court, the parties are encouraged to provide potential witness lists as well as Jencks Act and witness impeachment materials no later than five days prior to trial. *See infra* ¶ 7.

To the extent Ranallo and Vargas seek discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Relying on *Giglio*, Vargas seeks information related to "*any and all* informants utilized by the government in the investigation of this case and of the substance of any agreements between the government or its agents and the informants." (ECF No. 222 at 1 (emphasis added).) "[U]nder *Giglio*, the government must disclose matters that affect the credibility of prosecution *witnesses*." *United States v. Huggans*, 650 F.3d 1210, 1226 n.8 (8th Cir. 2011) (quotation omitted) (emphasis added); *see Giglio*, 405 U.S. at 153-55. To the extent Vargas seeks *Giglio* information related to informants who will not be called as witnesses,

her motion is denied. *See infra* ¶ 5. Further, to the extent Ranallo and Vargas seek the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3.     Ranallo's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 260) and Vargas's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 218) are **GRANTED IN PART** and **DENIED IN PART**. Ranallo and Vargas each request immediate disclosure of "any 'bad act' or 'similar course of conduct' evidence" the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). (ECF No. 260 at 1; *see* ECF No. 218 at 1 ("'crimes, wrongs, or acts' evidence").) Ranallo and Vargas also seek identification of the witnesses through whom such evidence will be presented. The Government has proposed disclosing any Rule 404(b) evidence no later than 7 days prior to trial (Gov't's Consol. Resp. at 10, ECF No. 278.) At the hearing, Ranallo and Vargas agreed to the Government's proposal. (Tr. 7:11-17, 16:21-17:5.)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic

when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 7 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Ranallo and Vargas's motions are otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

4.    Ranallo's Motion for Government Agents to Retain Rough Notes (ECF No. 262) is **GRANTED**, and Vargas's Motion to Retain and Not Destroy Rough Notes, Notes, Photographs, Memoranda, and/or Other Items Relating to This Case (ECF No. 223) is **GRANTED IN PART** and **DENIED IN PART**.

Ranallo and Vargas request an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes (and related materials) taken as part of their investigation. Vargas additionally requests that, if any of this information has already been destroyed, the Government "provide [her] . . . with

a full and complete listing of which items have been destroyed, and by whom." (ECF No. 223 at 1.) The Government "does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes," and states that "[a]gents involved have already been instructed to keep the same until and through trial in this matter." (Gov't's Consol. Resp. at 13.)

Ranallo and Vargas's requests for the retention and preservation of all rough notes are granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent Vargas seeks an accounting of any such materials that may have previously been destroyed, such request is denied. *See Johnson*, 228 F.3d at 924 ("In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government.").

5.      Ranallo's Motion to Disclose and Make Informant Available for Interview (ECF No. 263) and Vargas's Motion to Disclose and Make Informant(s) Available for Interview (ECF No. 214) are **GRANTED IN PART** and **DENIED IN PART**.

Ranallo and Vargas request that the Government disclose the identity of any informants utilized in the investigation of this matter, make such informants available for interview, and disclose the prior criminal convictions of such informants. Should this request be denied, Vargas requests alternative methods of disclosure, including reports detailing the knowledge of any such informants or confirmation of the existence of any such informants without disclosing their identities.

The Government objects to these motions. The Government asserts that its disclosures "well-demonstrate that neither [defendant was] indicted as a result of the direct input or assistance from any informant." (Gov't's Consol. Resp. at 7.) The Government further asserts that Ranallo and Vargas have not met their burden to warrant disclosure.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations

formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

Ranallo and Vargas bear the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to their case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. "If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018). Neither Ranallo nor Vargas has explained how the disclosure of informants and cooperating individuals would be material and helpful to the determination of this case, and thus have not met their burden to override the Government's privilege of nondisclosure. *See Hollis*, 245 F.3d at 674.

The Government maintains that "to date [it] can identify no government 'informant' who would be a percipient and material witness with regard to either . . . Vargas or . . . Ranallo." (Gov't's Consol. Resp. at 8.) To the extent there are informants or cooperating individuals who were percipient witnesses to the crimes with which Ranallo and Vargas are charged, who will be witnesses at trial, or whose testimony will be material to the determination of the case against Ranallo and/or Vargas, the Government shall disclose the identities of such individuals and provide the requested information no later than five days prior to trial, consistent with its proposal for witness identification.

To the extent Ranallo and Vargas seek information regarding any other informants or cooperating individuals, their motions are denied as they have failed to meet their burden of demonstrating the need for disclosure of these individuals. *See Alcantar*, 271 F.3d at

739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)).

6.    Ranallo's Motion for Discovery and Inspection (ECF No. 264) and Motion for Discovery of an Expert Under Fed. R. Crim. Pro. 16(a)(1)(G) (ECF No. 266) as well as Vargas's Motion for Discovery and Inspection (ECF No. 215) are **GRANTED IN PART** and **DENIED IN PART**.

Ranallo and Vargas generally seek materials subject to disclosure under Rule 16(a)(1) of the Federal Rules of Criminal Procedure.  Citing subdivision (B) of Rule 16(a)(1), which provides for disclosure of a *defendant's* written or recorded *statement*, Vargas has additionally requested "[a]ny and all written, audio, and/or video recorded material to this case made by *any person*, including but not limited to, *all logs, records, memoranda, or other documents or recordings of electronic surveillance or wiretapping* directly against defendant or any member of the alleged conspiracy."  (ECF No. 215 at 1 (emphasis added).)  Vargas further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that such materials be disclosed pursuant to Federal Rule of Criminal Procedure 16(c)'s continuing disclosure obligation.

The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations.  The Government objects, however, to the extent the discovery requested "exceeds the requirements of Rule 16."  (Gov't Consol. Resp. at 2.)

Ranallo and Vargas's motions are granted to the extent that responsive information subject to disclosure under Rule 16(a)(1) remains in the Government's control and has not yet been produced.  Further, as stated above, *see supra* ¶ 1, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Ranallo and Vargas seek information or materials outside the Government's disclosure obligations under Rule 16(a)(1) or that have already been produced, their motions are denied.

7.    Ranallo's Motion for Early Disclosure of Jencks Act Material (ECF No. 265) and Vargas's Motion for Early Disclosure of Jencks Act Materials (ECF No. 220) are **DENIED**.  Ranallo and Vargas seek early disclosure of Jencks Act materials.  While the Government objects to any Court-ordered early disclosure, the Government states that it intends voluntarily to make Jencks Act materials available five business days prior to trial "so as not to delay the progress of trial, as long as the defendants agree to do the same." (Gov't Consol. Resp. at 13.)  At the hearing, Ranallo was satisfied with the Government's response.

By its terms,

13

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Ranallo and Vargas's requests for early disclosure of Jencks Act materials are denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than five days before trial as proposed by the Government.

8.    Ranallo's Motion for Oral Voir Dire (ECF No. 269) and Vargas's Motion for Counsel's Participation in Voir Dire (ECF No. 224) are **DENIED WITHOUT PREJUDICE**.

"Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313(3) (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *adopting report and recommendation*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, these motions are premature and denied without prejudice. *United States v. Jaunich*, No. 07-cr-

328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

9.    Ranallo's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance (ECF No. 267) is **DENIED AS MOOT**.  Defendant "seeks an order directing the government to disclose and to certify the extent of the electronic surveillance . . . used by the government in any phase of its investigation."

In its Consolidated Response and again at the hearing, the Government represented that it has "made available or otherwise disclosed anything regarding the electronic surveillances that happened during the course of this investigation."  (Tr. 9:7-9; *see* Gov't's Consol. Resp. at 2-3.)  At the hearing, Ranallo stated that "the government has sufficiently lived up to its obligation."  (Tr. 9:14-15.)  Therefore, Ranallo's motion is denied as moot.

10.    Vargas's Motion to Disclose Post-Conspiracy Statements of Co-Defendant and Unindicted Co-Conspirator (ECF No. 216) is **DENIED** to the extent Vargas seeks disclosure under Federal Rule of Criminal Procedure 16, and **DENIED WITHOUT PREJUDICE AS PREMATURE** to the extent Vargas seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Pursuant to Rule 16 and *Bruton*, Vargas seeks an order compelling the Government "to give notice and disclose intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator" as well as granting "leave to file motions for severance, suppression, and/or in limine" based on those disclosures.  The Government objects that any such statements are discoverable under Rule

16, and asserts only those statements containing Jencks Act or *Brady* material are discoverable.  The Government states that it has and will continue to disclose *Brady* material, and acknowledges its obligations to "resolve any *Bruton* issues if and when they arise in the course of trial."  (Gov't's Consol. Resp. at 18.)  The Government further states that it "will provide reports detailing any statements made by cooperating defendants five days prior to trial" if it intends on calling those defendants as witnesses.  (Gov't's Consol. Resp. at 17.)

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy.  It covers oral statements made by a defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'"  *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)).  Rule 16 "stresses that only 'statements made by the defendant' are discoverable."  *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies Vargas's motion insofar as it requests pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

As stated in the accompanying Report and Recommendation of today's date, *Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause.  391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007).  "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)."  *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810,

16

819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial).

To the extent any statements or confessions in this case implicate *Bruton* and its progeny, the Government has acknowledged that it will be required to "*Bruton*-ize" the statements where necessary. At this juncture, however, it is not clear what evidence the Government will actually seek to introduce at trial and whether any *Bruton* issues will in fact arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *adopting report and recommendation*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues, and any appropriate responsive measures, are matters best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant or unindicted co-conspirator are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019); *United States v. Perez*, No. 16-cr-154(4) (ADM/BRT), 2018 WL 3000336, at *2 (D. Minn.

June 15, 2018).  Vargas's request for leave to file motions related to any *Bruton* issues,
however, is premature and denied without prejudice.

11.    Vargas's Pretrial Motion for Disclosure of Grand Jury Materials and
Transcript (ECF No. 219) is **GRANTED IN PART** and **DENIED IN PART**.

"It has long been recognized that the proper functioning of our grand jury system
depends upon the secrecy of grand jury proceedings.  This principle is reflected in Rule
6(e) which establishes a general rule of confidentiality for all matters occurring before the
grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and
citation omitted).  "Exceptions to the rule of nondisclosure will be made only where there
is a 'particularized need.'"  *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996);
*accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established
that a showing of 'particularized need' is necessary before the court will accede to such a
release.").

Vargas has not made any showing of particularized need for grand jury materials.
Therefore, Vargas's motion is denied except to the extent the Government is otherwise
obligated to disclose such materials.  *See United States v. Daniels*, 232 F. App'x 611, 612
(8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury
transcripts given defendant's "failure to make any showing in support of his request for
them"); *Broyles*, 37 F.3d at 1318.

12.    Vargas's Motion for Disclosure of Government Witnesses (ECF No. 221) is
**GRANTED IN PART** and **DENIED IN PART**.  Vargas seeks "an order requiring the
government to provide a list of if witnesses it intends to call at trial."  As stated above, "[a]

federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted). Therefore, Vargas's motion is granted only to the extent such disclosure has been expressly ordered herein or may be ordered by the district court in preparation for trial. Vargas's motion is otherwise denied.

13.     Vargas's Motion to File Later Motions for Good Cause (ECF No. 225) is **DENIED WITHOUT PREJUDICE**. Vargas seeks "an Order allowing her to file later motions concerning issues which arise or are revealed through the discovery process upon a showing of good cause." The Government objects on grounds that Vargas essentially seeks "blanket permission to file additional motions." (Gov't's Consol. Resp. at 23.)

Under Federal Rule of Criminal Procedure 12(c)(3), "[a] court may for good cause excuse a defendant's failure to file a pre-trial motion before the expiration of the deadline for doing so." *Dukes*, 2015 WL 10382395, at *9. "It is a defendant's burden to show that good cause exists to excuse a late filing." *Id.* (citing *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011)). Vargas's motion is premature. Should the filing of additional pretrial motions become necessary, Vargas may seek leave at that time. *See id.*

14.     All prior consistent orders remain in full force and effect.

[Continued on next page.]

15.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: December____20____, 2019          _____*s/ Tony N. Leung*_____
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota


                                        *United States v. Arriola-Campos et al.*
                                        Case Nos. 18-cr-285(7), (8) (JNE/TNL)